UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD MORRISON(#85408)

VERSUS                                                        CIVIL ACTION

JAMES M. LEBLANC, ET AL                       NUMBER 10-409-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 23, 2010.

                                                  STEPHEN C. RIEDLINGER
                                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


REGINALD MORRISON(#85408)

VERSUS                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL                             NUMBER 10-409-RET-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden Burl Cain and Louisiana State Penitentiary Legal Programs Director Trish Foster. Plaintiff alleged that because he has not been committed to the legal custody of the Louisiana Department of Public Safety and Corrections the defendants have applied the provisions of the Disciplinary Rules and Procedures for Adult Inmates to him in violation of his Fourteenth Amendment rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on February 28, 1977, the Louisiana Supreme Court set aside his sentence related to his second degree murder conviction and remanded the case to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for re-sentencing.  *State v. Morrison*, 343 So.2d 182 (La. 1977). Plaintiff alleged that because the Nineteenth Judicial District Court failed to revisit his sentencing phase he was not sentenced to the legal custody of the Louisiana Department of  Corrections. Plaintiff argued that because he has not been properly sentenced to the legal custody of the Department of Corrections, the application

of the prison rules to him, including the issuance of disciplinary reports, violates his constitutional rights.

A review of the court's records showed that the plaintiff previously filed a federal habeas corpus application in 1988 challenging his underlying state criminal conviction. This court denied habeas corpus relief and the United States Court of Appeals for the Fifth Circuit affirmed in an unpublished decision. *Morrison v. Lynn*, 92-3165, 977 F.2d 577 (Table) (5th Cir. 1992). The United States Supreme Court denied certiorari. *Morrison v. Lynn*, 507 U.S. 1021, 113 S.Ct. 1822 (1993).

On October 31, 2000, the plaintiff sought authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas corpus application. On November 28, 2000, the Fifth Circuit denied authorization. *In re Morrison*, 00-31274 (5th Cir. 2000).

Construing the complaint as a challenge to the plaintiff's state conviction and sentence pursuant to 28 U.S.C. § 2254, it would be a successive habeas corpus application as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a successive claim under that section, the petitioner must establish one of the following exceptions:

    1)    the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

    2)    (i) the factual predicate for the claim could not

> have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. §§ 2244(b)(2)(A) and (B).

Before it can be considered on the merits by this court, the petitioner must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court, as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed.

Alternatively, construing the plaintiff's complaint as being brought pursuant to 42 U.S.C. § 1983, the claim must nonetheless initially be pursued through habeas corpus since the claim essentially challenges the validity of the plaintiff's conviction and sentence, and the resolution of his claim may entitle him to immediate or early release.  *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly incarcerated, he has no damages claim against the defendants cognizable under § 1983.  *See, Heck v. Humphrey*, 512

4

U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Plaintiff's claim falls squarely within the Court's holding in *Heck*. Plaintiff's damage claim seeks monetary damages for the application of the Disciplinary Rules and Procedures for Adult Inmates to him and directly calls into question the lawfulness of his confinement. A judgment in the plaintiff's favor would necessarily imply that his state criminal sentence is invalid. *Heck*, 114 S.Ct. at 2372. Yet, the plaintiff failed to show that he has successfully challenged his confinement or sentence in any other proceeding. Plaintiff offered no proof that his criminal conviction and sentence have been reversed on direct appeal, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the plaintiff's claim regarding the application of the Disciplinary Rules and Procedures for Adult Inmates is not cognizable under § 1983 at this time. Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus.

*Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, the complaint, construed as being brought under § 1983, should be dismissed with prejudice.  *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Because it is clear that the plaintiff's claim, construed as either a § 2254 habeas corpus application or under § 1983, has no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, June 23, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE